IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF COLORADO

CIVIL ACTION NO. _____

VINCENT WILCZEK, and
ROY KINNEY,

    Plaintiff(s),

v.

RIO BLANCO COUNTY, and
ANTHONY MAZZOLA, individually and official capacity
BOARD OF COUNTY COMMISSIONERS FOR RIO BLANCO COUNTY

    Defendant(s)

_____

**COMPLAINT FOR DAMAGES AND JURY DEMAND**
_____

    COMES NOW the Plaintiff, VINCENT WILCZEK ("Plaintiff Wilczek") and Plaintiff, ROY KINNEY ("Plaintiff Kinney") by and through the undersigned counsel hereby files this complaint against Defendants RIO BLANCO COUNTY ("Rio Blanco County Defendants"), ANTHONY MAZZOLA ("Defendant Mazzola"), and BOARD OF COUNTY COMMISSIONERS FOR RIO BLANCO COUNTY ("Rio Blanco County Defendants").

**PARTIES**

1. Defendant Board of County Commissioners for Rio Blanco County ("Rio Blanco County") is the public entity responsible for Rio Blanco County and the Rio Blanco County Sheriff's Department.

2. The Board of County Commissioners for Rio Blanco County is a proper entity to be sued under 42 U.S.C. § 1983.

1

3. Defendant County Sheriff Anthony Mazzola, in his individual and official capacity, is the public figure responsible for the Rio Blanco County Sheriff's Department and the Rio Blanco County Jail.

4. Defendant Board of County Commissioners for Rio Blanco County and Defendant Anthony Mazzola are collectively referred to as "Rio Blanco County Defendants."

5. Rio Blanco County Defendants are responsible for the oversight, supervision, and training at the Rio Blanco County Sheriff's Department.

6. Rio Blanco County Defendants are properly sued under 42 U.S.C. § 1983 with respect to the deliberately indifferent policies and practices for the proper and improper interaction of its employees with the Critical Incident Team; which, may from time to time, operate within its jurisdiction.

7. On May 1, 2019, and at all times relevant to this complaint, Defendant Mazzola was a citizen of the United States and a resident of Colorado.

8. On May 1, 2019, and all times relevant to this complaint, Plaintiff Roy Kinney and Vince Wilczek were citizens of the United States of America and residents of the State of Colorado

## JURISDICTION

9. This action arises under the Constitution and laws of the United States and is brought pursuant to 42 U.S.C. § 1983.

10. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1331 and 1367.

11. Jurisdiction supporting Plaintiff's claim for attorneys' fees and costs is conferred by 42 U.S.C. § 1988.

12. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b).

13. All of the events alleged herein occurred within the State of Colorado, and all of the parties were residents of the State at the time of the events giving rise to this litigation.

14. Supplemental pendent jurisdiction is based on 28 U.S.C. § 1367 because the violations of federal law alleged are substantial and the pendent causes of action derive from a common nucleus of operative facts.

## STATEMENT OF FACTS

15. On May 1, 2019, Plaintiff, Vincent Wilczek, of the Rangely Police Department was forced to resign in lieu of termination, from his 28-year career as a sworn peace officer.

16. On May 1, 2019, Plaintiff, Roy Kinney, of the Rangely Police Department was forced to resign in lieu of termination, from his 32-year career as a sworn peace officer.

17. The forced resignations of both Plaintiffs stemmed from an administrative investigation, brought on following a fatal shooting that occurred on December 10, 2018.

18. The fatal shooting began with a vehicle pursuit in Rio Blanco County, Colorado, and ended with a fatal shooting in the Town of Rangely at the intersection of Colorado State Highway #139 and State Highway #64.

19. Following the shooting of December 10, 2018 two investigation teams were formed and responded to investigate the incident.

20. A Critical Incident Team ("CIT") consisting of the Colorado Bureau of Investigation and professional investigators from a multi-jurisdictional task force investigated the incident from a criminal investigative point of view in order to determine if Plaintiffs should be charged with criminal violations.

21. The CIT investigation resulted in *no findings* of wrongdoing by Plaintiffs, as memorialized by Jefferson Cheney, Ninth Judicial District Attorney.

22. The other investigative team, Administrative Investigation Team ("AIT"), consisted of Captain William Leonard and Sergeant Brian Soper of the City of Craig, Moffat County, Colorado Police

Department, and District Attorney Investigator, Doug Winters, from the Fourteenth Judicial District.

23. AIT focused on the Rangely City Police Department Policies and Procedures, and the actions of the Plaintiffs.

24. On or about, December 18, 2018, Defendant Mazzola, acting in his Sheriff capacity of Rio Blanco County, Colorado, contacted AIT lead investigator, Captain William Leonard.

25. Defendant Mazzola was neither a member of the AIT investigative team nor the CIT investigative team.

26. Defendant Mazzola, acting outside the scope of his employment, but in the capacity as Sheriff of Rio Blanco County, provided false character information about Plaintiffs to Captain Leonard, AIT's lead investigator.

27. Defendant Mazzola, acting outside the scope of his employment, but in the capacity as Sheriff of Rio Blanco County, provided Captain Leonard with alleged testimonial statements.

28. Plaintiffs are informed and believe Defendant Mazzola acting outside the scope of his employment, but in the capacity as Sheriff of Rio Blanco County, also provided false information to AIT investigator, Brian Soper.

29. Defendant Mazzola had no direct knowledge of the events of December 10, 2018. Defendant Mazzola was out of the country, in Mexico.

30. Defendant Mazzola, acting in his official capacity as Sheriff for Rio Blanco County, knowingly and deliberately provided false and deceptive information to members of the AIT.

31. AIT, influenced by Defendant Mazzola, altered factual findings.

32. Captain Leonard memorialized Defendant Mazzola's statements in the finding of facts.

33. The AIT findings contradicted the CIT findings.

34. The AIT findings omitted events recorded during the events under investigation.

35. The AIT findings intentionally reworded statements or actions of Plaintiffs and a third officer.

36. The AIT findings misrepresented videographic recordings of the vehicle pursuit and fatal shooting.

37. The AIT findings failed to follow the standards of use of force investigation guidelines.

38. The AIT findings discredited Plaintiffs character and leadership.

39. The AIT findings are a direct result of Defendant Mazzola's interference and meddling in the investigation.

40. Defendants Rio Blanco County through its agent, Defendant Mazzola, meddled and interfered with the AIT investigation.

41. Defendant Mazzola had no right to provide Captain Leonard and Brian Soper any information whatsoever.

42. Plaintiffs are informed and believe Defendants Rio Blanco County knew of Defendant Mazzola's actions in the AIT investigation and failed to take any action to prevent the meddling and interference.

43. Plaintiffs are informed and believe Defendants Rio Blanco County knowing of Defendant Mazzola's actions failed to correct the deceptive information provided by Defendant Mazzola.

44. Defendant Mazzola also attempted to introduce Plaintiffs past in an attempt to influence Captain Williams, to which Captain Williams addresses, wrongfully, in the findings for the December 10, 2018 incident.

45. Plaintiffs are informed and believe Defendant Mazzola has a history of interference with other agencies and administrations particularly where Plaintiffs are concerned.

46. Plaintiffs are informed and believe Defendants Rio Blanco County knew of Defendant Mazzola's history of interference and failed to admonish or correct Defendant Mazzola's behavior.

47. Due to the actions of the defendants, Plaintiffs were forced to seek out their own mental health providers for treatment.

48. Defendants interfered with Plaintiffs access to mental health therapy.

49. On May 1, 2019 Plaintiffs were forced to resign or be terminated, ending their career in law enforcement.

50. Plaintiffs were constructively discharged from their employment.

### COUNT I - VIOLATIONS OF RIGHTS SECURED BY THE FREE EXERCISE CLAUSE OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION
### 42 U.S.C. § 1983

51. Plaintiffs hereby realleage paragraphs one through fifty, and incorporate by reference herein.

52. Defendant Mazzola, while acting under color of state law, inserted himself into the AIT investigation.

53. Defendants Rio Blanco County allowed Defendant Mazzola through color of state law to interfere in the AIT investigation.

54. Defendants' actions had the effect of depriving Plaintiffs of rights secured by the Constitution and Laws of the United States, specifically the Free Exercise Clause of the First Amendment to the United States Constitution.

55. Defendant Mazzola's conduct and Defendants Rio Blanco County's conduct caused Plaintiffs constructive discharge.

56. Plaintiffs reallege Defendants Rio Blanco County knew of Defendant Mazzola's past history of interference with other agencies and administrations.

57. Defendants Rio Blanco County allowing such conduct to continue is a deliberate indifference and violation of Plaintiffs rights secured by the Constitution and Laws of the United States.

58. But for the defendants Plaintiffs would be employed.

## COUNT II - VIOLATIONS OF RIGHTS SECURED BY THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT
## 42 U.S.C. § 1983

59. Plaintiffs realleage paragraphs one through fifty-eight as though fully set forth herein.

60. Plaintiffs are not "at will" employees.

61. Plaintiffs employment position affords notice and opportunity to be heard.

62. Plaintiffs were intentionally treated different than others similarly situated.

63. There was no rational basis for the disparate treatment.

64. Defendant Mazzola's actions were intentional, malicious, willful, wanton, and in gross disregard of Plaintiffs constitutional rights.

65. The acts and omissions of Defendant Mazzola were so culpable as constituting authorization of and acquiescence in Defendants Rio Blanco County's liability.

66. Defendants Rio Blanco County is vicariously liable due to the direction of Defendant Mazzola with decision-making authority.

67. Defendants' deliberate indifference deprived Plaintiffs rights secured by the Constitution and Laws of the United States, specifically the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

## COUNT III - VIOLATIONS OF RIGHTS SECURED BY THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT
## 42 U.S.C. § 1983

68. Plaintiffs realleage paragraphs one through sixty-seven and incorporate herein.

69. Plaintiffs suffered a depravation of liberty.

70. Defendants Rio Blanco County and Defendant Mazzola, failed to afford Plaintiffs of the appropriate procedures for reviewing officer involved conduct.

71. Defendants acted outside the scope of the regulations for reviewing officer involved conduct.

72. Defendants deprived Plaintiffs rights secured by the Constitution and Laws of the United States, specifically the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

73. Defendant Mazzola's actions were intentional, malicious, willful, wanton, and in gross disregard of Plaintiffs constitutional rights.

74. The acts and omissions of Defendant Mazzola were so culpable as constituting authorization of and acquiescence in Defendants Rio Blanco County's liability.

75. Defendants Rio Blanco County is vicariously liable due to the direction of Defendant Mazzola with decision-making authority.

76. Defendants' deliberate indifference deprived Plaintiffs rights secured by the Constitution and Laws of the United States, specifically the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

77. Order Defendants to institute and carry out policies, practices, and programs in accordance with federally protected employment practices;

78. Order Defendants to make Plaintiffs whole by awarding Plaintiffs full backpay and front pay; Compensatory damages; pre and post judgment interest; monetary value of lost wage increases; the monetary value of losses to pension, social security, and other retirement accounts;

79. Order Defendants to make Plaintiffs whole by providing compensation for past and future non-pecuniary losses, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, damage to reputation and humiliation;

80. Order Defendants to pay Plaintiffs punitive damages for its malicious and or reckless conduct described above, in amounts to be determined at trial;

81. Award to Plaintiffs the costs of this action, including expert witness fees, and taxed against the Defendants;

82. Award Plaintiffs interest on any action at the statutory rate.

83. Enter an Order for such further and other relief that this court may deem necessary and proper, including any affirmative relief that is necessary to eliminate the effect of the discriminatory practices complained of or any affirmative relief that is necessary to make the Plaintiff whole.

Respectfully submitted this 30th day of April 2021,

*/s/ Trace Tyler*_____

Trace Tyler, CO Atty #29429
2695 Patterson Road, Suite 2-268
Grand Junction, CO 81506
Email: trace@tracetylerlaw.com
Phone (970) 628-1588

## CERTIFICATE OF SERVICE

I hereby certify that on 30th day of April 2021, I electronically filed the foregoing **COMPLAINT FOR DAMAGES AND JURY DEMAND,** with the Clerk of the Court using the ECF system.

Anthony Mazzola
964 6th St.
Meeker, CO 81641

Rio Blanco County
555 Main St.
Meeker, CO 81641

Board of County Commissioners Rio Blanco County
County Attorney
555 Main St.
Meeker, CO 81641


                                                            */s/ Andrea Wise*
                                                            Andrea Wise