IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No.  21-cv-01195-RBJ

VINCENT WILCZEK and
ROY KINNEY,

      Plaintiffs,

v.

RIO BLANCO COUNTY,
ANTHONY MAZZOLA, individually and in his official capacity and
BOARD OF COUNTY COMMISSIONERS FOR RIO BLANCO COUNTY,

      Defendants.

---

## ORDER on MOTION TO DISQUALIFY COUNSEL

---

Plaintiffs are former police officers with the Rangely, Colorado Police Department.  They allege that they were forced to resign in lieu of termination on May 1, 2019, following two investigations into a December 10, 2018 fatal shooting incident.  According to them, an investigation conducted by a Critical Incident Team ("CIT"), which consisted of investigators from the Colorado Bureau of Investigation and a multi-jurisdictional task force, exonerated them from wrongdoing.  However, an Administrative Investigative Team ("AIT") consisting of two officers from the City of Craig, Moffat County, Colorado Police Department, and an investigator from the Fourteenth Judicial District (which includes Moffat County) District Attorney's Office reached a different conclusion.

Plaintiffs claim in this lawsuit that defendant Anthony Mazzola, the Sherriff of Rio Blanco County (in which Rangely is located), provided false information about them to the lead investigator for the AIT, resulting in the AIT's making findings that contradicted the findings of the CIT.  They allege that Mazzola was the agent of defendant Rio Blanco County when he provided the false information, and that the County knew of Mazzola's actions but failed to take any actions to prevent or correct his interference in the AIT investigation.  They allege that defendant Board of County Commissioners is the public entity responsible for Rio Blanco County and the Rio Blanco County Sheriff's Department.  Invoking this Court's jurisdiction pursuant to 28 U.S.C. § 1331 (and purportedly, 28 U.S.C. § 1367, though no state law claim was made), plaintiffs assert claims of (1) violation of the Free Exercise Clause of the First Amendment to the U.S. Constitution; (2) violation of the Equal Protection Clause of the Fourteenth Amendment; and (3) violation of the Due Process Clause of the Fourteenth Amendment.  Complaint, ECF No. 1.

The three defendants, represented by Sean J. Lane and Alex M. Pass of The Lane Law Firm of Greenwood Village, Colorado, filed a motion to dismiss the complaint, to which plaintiffs responded.  ECF Nos. 6 and 7.[1]  Plaintiffs simultaneously moved to disqualify defendants' lawyers.  ECF No. 8.  They assert that the same lawyers cannot represent Sheriff Mazzola in both his individual and official capacities as there is a potential conflict between his individual interest and the interest of the Board of County Commissioners.  *Id.* at 2-3.  They also

---

[1] The Court denied the motion to dismiss without prejudice because defendants did not comply with the Court's practice standards' requirements for filing motions to dismiss.  ECF No. 12.  Defendants then filed a letter of intent to file a motion to dismiss as required.  ECF No. 18.  Plaintiffs did not respond.  I will address the letter of intent separately.

assert that there might be a conflict of interest between Rio Blanco County and the Rio County Board of Commissioners.  *Id.* at 3-4.  Plaintiffs state that they felt duty-bound to report these ethical issues by the decision in *Johnson v. Board of County Comm'rs for County of Freemont,* 85 F.3d 489 (10th Cir. 1996).

Defendants respond that there is no adversity or significant risk of adversity between the positions Sheriff Mazzola takes in his two capacities.  They note that the *Johnson* court did not adopt a per se rule forbidding dual representation of an individual sued in both his individual and official capacities.  ECF No. 14 at 3-4.  They also state that there is no adversity between the Sheriff and the Board of County Commissioners.  *Id.*  They argued in their motion to dismiss that a board of county commissioners is not liable for the acts of the Sheriff, but that it simply invoked existing Colorado law.  It did not indicate any conflict as to any factual matter, only that the County cannot be liable as a matter of law for the Sheriff's acts.  *Id.* at 4-5.  As for an alleged conflict between the County and the Board of County Commissioners, defendants point out that the way to sue a county per Colo. Rev. Stat. § 30-11-105 is to sue its board of county commissioners.  *Id.* at 5-6.  Thus, defendant Rio Blanco County, as such, is not a separate party at all.  Finally, defendants dispute plaintiffs' standing to assert disqualification of opposing counsel based on purported conflicts among the defendants.  *Id.* at 6-7.  No reply has been filed.

I agree with defendants.  Plaintiffs have not demonstrated the likelihood of conflicts between or among the defendants.  Specifically, plaintiffs have not shown that the County disagrees with the Sheriff's actions.  The defendants themselves deny that there is adversity among them.  Plaintiffs have also displayed a poor understanding of the relationship of a county to its board of county commissioners.  Finally, I agree that plaintiffs have not demonstrated that

they have suffered any injury in fact as the result of the alleged conflicts, or that there is another basis for a finding of standing.

The motion to disqualify opposing counsel, especially at this early stage of the case where the positions of the parties have not been fully developed, appears to be a litigation tactic. I find it to be meritless.

**ORDER**

Plaintiff's motion to disqualify defendants' counsel, ECF No. 8, is DENIED.

DATED this 3rd day of August 2021.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge