IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No.  21-cv-01195-RBJ

VINCENT WILCZEK and
ROY KINNEY,

      Plaintiffs,

v.

RIO BLANCO COUNTY,
ANTHONY MAZZOLA, individually and in his official capacity and
BOARD OF COUNTY COMMISSIONERS FOR RIO BLANCO COUNTY,

      Defendants.

---

## ORDER on PENDING MOTIONS

---

      Pending before the Court are (1) defendants' second motion to dismiss; (2) defendants' motion to strike plaintiffs' amended complaint; (3) plaintiffs' motion for leave to file their amended complaint; and (4) defendant Board of County Commissioners motion for an extension to time to answer or otherwise respond to the amended complaint.  For the reasons discussed in this order, defendants' second motion to dismiss is granted.  Defendants' motion to strike the amended complaint is granted.  Plaintiffs' motion to file an amended complaint is denied.  The Board's motion for an extension is moot.

### BACKGROUND

      Plaintiffs are former police officers with the Rangely, Colorado Police Department.  They allege that they were forced to resign in lieu of termination on May 1, 2019, following two

investigations into a December 10, 2018 fatal shooting incident.  According to them, an investigation conducted by a Critical Incident Team ("CIT"), which consisted of investigators from the Colorado Bureau of Investigation and a multi-jurisdictional task force, exonerated them from criminal wrongdoing.  However, an Administrative Investigative Team ("AIT") consisting of two officers from the Craig, Colorado Police Department, and an investigator from the Fourteenth Judicial District Attorney's Office, whose investigation focused on the Rangely Police Department's policies and procedures, reached a different conclusion.

Plaintiffs claim in this lawsuit that defendant Anthony Mazzola, the Sheriff of Rio Blanco County (in which Rangely is located), provided false information about them to the lead investigator for the AIT, resulting in the AIT's making findings that contradicted the findings of the CIT.  They allege that Mazzola was the agent of defendant Rio Blanco County when he provided the false information, and that the County knew of Mazzola's actions but failed to take any actions to prevent or correct his interference in the AIT investigation.  They allege that defendant Board of County Commissioners is the public entity responsible for Rio Blanco County and the Rio Blanco County Sheriff's Department.  Invoking this Court's jurisdiction pursuant to 28 U.S.C. § 1331 (and purportedly, 28 U.S.C. § 1367, though no state law claim was made), plaintiffs assert claims of (1) violation of the Free Exercise Clause of the First Amendment to the U.S. Constitution; (2) violation of the Equal Protection Clause of the Fourteenth Amendment; and (3) violation of the Due Process Clause of the Fourteenth Amendment.  Complaint, ECF No. 1.

## CASE HISTORY

The complaint was filed on April 30, 2021 and was assigned to United States Magistrate Judge Reid Neureiter.  ECF Nos. 1 and 2.  After defendants were served, they filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b).  ECF No. 6.  In the motion defendants' counsel certified that they had complied with Judge Neureiter's practice standards by conferring with plaintiff's counsel, and that plaintiffs objected to the relief they sought in the motion.  *Id.* at 1.

Plaintiffs filed a response and a motion to disqualify defendants' counsel.  ECF Nos. 7 and 8.  At that point the parties indicated that not all of them consented to the magistrate's jurisdiction, and the case was reassigned to this Court.  ECF No. 9.  Defendants then filed a reply in support of the motion to dismiss.  ECF No. 10.

This Court has adopted a practice standard, posted on the Court's website, that requires counsel to meet and confer before filing a motion to dismiss.  A stated purpose is to improve dispositive motion practice.  Counsel are required to discuss, among other things, whether some or all of the issues the movant intends to raise could be resolved without a motion, such as by plaintiff's amending the complaint.  Therefore, upon the reassignment of the case to this Court, I denied the pending motion to dismiss without prejudice and directed counsel to explore whether resolution of any of the issues addressed in the motion could be resolved.  If unresolved issues remained after conferral, defendants' counsel were directed to submit a brief letter of intent to file a motion to dismiss, to which plaintiffs' counsel could respond, at which time the Court would evaluate their positions and determine what the next steps would be.  *See* ECF No. 12.

3

The conferral did not produce any modification of the complaint. Defendants filed their letter of intent. ECF No. 18. Plaintiffs did not respond. The Court, noting that the process had failed to achieve the purpose of weeding out marginal issues before a motion to dismiss was filed, found that least some of the issues defendants planned to raise appeared to have support in the law. ECF No. 21. The Court also denied plaintiffs' motion to disqualify defendants' counsel. ECF No. 22.

Defendants then filed their second motion to dismiss, largely duplicating their original motion to dismiss. ECF No. 23. Plaintiffs filed their response. ECF No. 24. Defendants filed their reply. ECF No. 25.

Shortly after defendants' reply was filed, however, plaintiffs filed an amended complaint. ECF No. 26. Defendants moved to strike the amended complaint, noting that plaintiffs had opportunities to amend their complaint under Magistrate Neureiter's and this Court's procedures, but they had refused to do so; that defendants then filed their letter of intent to file a motion to dismiss, to which plaintiffs failed to respond; that the parties had then fully briefed defendants' motion to dismiss; and that only then, and without seeking leave to amend as required by Rule 15(a)(1)(A) and (B), did plaintiffs purport to file an amended complaint. ECF No. 27. Apparently recognizing their procedural mistake, plaintiffs then filed a motion for leave to amend. ECF No. 28. However, they did not file a red-lined version of the proposed amended complaint, as is required by D.C.COLO.LCivR 15.1(b). Defendants opposed the motion. Finally, the Board filed a motion for extension of time to answer or otherwise respond to the amended complaint until after either their motion to dismiss has been decided or the Court rules on plaintiffs' motion for leave to file the amended complaint.

**STANDARD OF REVIEW**

To survive a Rule 12(b)(6) motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A plausible claim is a claim that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While the Court must accept the well-pled allegations of the complaint as true and construe them in the light most favorable to the plaintiff, *Robbins v. Wilkie*, 300 F.3d 1208, 1210 (10th Cir. 2002), conclusory allegations are not entitled to be presumed true.  *Iqbal*, 556 U.S. at 681.  However, so long as the plaintiff offers sufficient factual allegations such that the right to relief is raised above the speculative level, he has met the threshold pleading standard.  *See, e.g.*, *Twombly*, 550 U.S. at 556; *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008).

**CONCLUSIONS**

A. **Plaintiffs' Motion to Amend; Defendants' Motion to Strike**.

I start here because if the motion for leave to amend were granted, the rest would be moot.  It is familiar law that courts "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Plaintiffs' motion to amend is procedurally defective under the district's local rules because they did not file a red-lined version of the proposed amended complaint.  The bigger issue, however, is that plaintiffs had multiple opportunities to fix the problems with their complaint.  The most obvious deficiency is their improper naming of Rio Blanco County as a defendant.  Defendants pointed out in their first motion to dismiss – and likely in their conferral before filing the first motion to dismiss – that the County (as opposed to

5

its Board of County Commissioners) cannot be sued under Colorado law.  ECF No. 6 at 3-4.  In

their response to the initial motion to dismiss plaintiffs acknowledged this error.  ECF No. 7 at 2.

Defendants no doubt reminded plaintiff of this error during their conferral before the

second motion to dismiss was filed.  But plaintiffs still did not amend their complaint.

Defendants mentioned the problem again in their letter of intent to file a second motion to

dismiss.  ECF No. 18 at 1-2.  Plaintiffs did not respond or offer to amend their complaint.

So, defendants again moved to dismiss the claim against "Rio Blanco County."  ECF No.

23 at 4.  Plaintiffs again acknowledged that named Rio Blanco County as a defendant was error.

ECF No. 24 at 2.  Only after the second motion to dismiss was filed and fully briefed did

plaintiffs finally file (without leave) an amended complaint that omitted Rio Blanco County.

ECF No. 27.

In their belated motion for leave to file an amended complaint plaintiffs stated that

"[a]mending the Complaint promotes judicial efficiency by removing Rio Blanco County as an

improperly named Defendant and reaffirms the allegations through the properly named

Defendant, Board of County Commissioners for Rio Blanco County."  ECF No. 28 at 1-2.  No,

this does not promote judicial efficiency!  Plaintiffs had multiple opportunities to amend and

omit Rio Blanco County previously, which they ignored.  Rather, they let it slide until after

defendants' second motion to dismiss was fully briefed and then attempted to moot that motion

by amending their complaint.  Justice does not require that leave to amend be freely given in this

context.

I have, nevertheless, looked at the tendered amended complaint.  Although plaintiffs'

failure to file the required red-lined version made the comparison more difficult, I find that, other

than omitting the admittedly erroneous claim against Rio Blanco County, the newer version does not modify the factual allegations or the claims against the other two defendants in any material way. All it potentially accomplishes is delay and the imposition of unnecessary litigation costs on the defendants. Therefore, the Court grants defendants' motion to strike, denies plaintiffs' motion for leave to amend, and moots defendant Board's motion for an extension.

**B. Defendants' Second Motion to Dismiss.**

1. Defendant Mazzola.

The primary focus of the complaint is on Sheriff Mazzola. Plaintiffs claim that the Sheriff, a state actor, voluntarily provided information about them to the AIT that was false and defamatory, and that the information caused the AIT to reach conclusions that ultimately resulted in their termination by the Rangely Police Department. The first claim is that this conduct violated plaintiffs' rights under the Free Exercise Clause of the First Amendment. The Free Exercise clause, read in conjunction with the Establishment Clause, provides that "Congress shall make no law respecting an establishment of religion *or prohibiting the free exercise thereof.*" (emphasis added). It protects citizens' right to practice their religion as they please, subject to a compelling governmental interest. The Free Exercise Clause has nothing to do with the factual allegations in this case.

The second claim, asserting a violation of plaintiffs' rights under the Equal Protection Clause of the Fourteenth Amendment, asserts that plaintiffs "were intentionally treated different [sic] than others similarly situated," and that "[t]here was no rational basis for the disparate

treatment." ECF No. 1 at ¶¶62, 63.  In the first place, those are purely conclusory statements.
Moreover, the allegations provide no clue as to how the Sheriff treated them differently than
other similarly situated individuals.  No one else was under investigation.

The third claim asserts that the Sheriff violated plaintiffs' rights under the Due Process
Clause of the Fourteenth Amendment.  It appears to invoke procedural due process.  *See* ECF
No. 1 at ¶70 ("Defendants Rio Blanco County and Defendant Mazzola, failed to afford Plaintiffs
of the appropriate procedures for reviewing officer involved conduct.").  Plaintiffs have not
explained in their brief, or provided any supporting authorities explaining, how the Sheriff's
provision of allegedly defamatory statements to an independent commission would violate their
procedural due process rights.  It is not the Court's role to try to construct a viable claim for
them.

In short, plaintiffs have not stated a claim that the Sheriff has deprived them of rights
created by the United States Constitution or any federal statute.  I cannot conclude on the record
of this case that fashioning a viable claim against the Sheriff would necessarily be futile.
Therefore, the Court will dismiss the claim without prejudice.

2.  <u>Defendant Board of County Commissioners</u>.

The parties debate whether the Board of County Commissioners can be held liable for the
acts of the Sheriff.  I need not reach or decide that issue, because I have found that plaintiffs have
stated no claim against the Sheriff.  Nor have they alleged any independent claim against the
Board.  They allege that they "are informed and believe Defendants Rio Blanco County knowing
of Defendant Mazzola's actions in the AIT investigation and failed to take any action to prevent
the meddling and interference [or] . . . correct the deceptive information provided by Defendant

Mazzola."   ECF No. 1 at ¶¶42, 43.  I will assume that these allegations were directed at the Board of County Commissioners.  The allegations are conclusory and not entitled to the assumption of truth.  Moreover, they do not indicate the source of the implied duty of the Board to regulate the Sheriff's communications with the AIT.  Most of all, plaintiffs have made no attempt to explain how the Board's alleged failure to prevent the Sheriff from providing information to the AIT would violate any equal protection or due process rights that they might have.

3.  <u>Defendant Rio Blanco County</u>.

Plaintiffs have acknowledged that they improperly named "Rio Blanco County" as a defendant.

## ORDER

1.  Defendants' Second Motion to Dismiss for Failure to State a Claim, ECF No. 23, is GRANTED.

2.  Defendants' Motion to Strike, ECF No. 27, is GRANTED.

3.  Plaintiffs' Motion for Leave to File Amended Complaint, ECF No. 28, is DENIED.

4.  Defendant Board of County Commissioners' Motion for Extension of Time, ECF No. 30, is MOOT.

5.  This civil action is dismissed without prejudice.

6.  As the prevailing parties, defendants are awarded costs to be taxed by the Clerk pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1

DATED this 8th day of October, 2021.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge